UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELISSA ITALIA,

      Plaintiff,

v.                                                      Case No. 8:26-cv-0719-SDM-NHA

CVS HEALTH CORPORATION, *et al.*,

      Defendants.

_____/

## ORDER

Plaintiff's motion for entry of Clerk's default against Sarasota Memorial Hospital (Doc. 53) is denied without prejudice.

Plaintiff Melissa Italia sues Sarasota Memorial Hospital and fourteen other Defendants pursuant to 18 U.S.C. § 1983, the Americans with Disabilities Act, and various state laws. Doc. 7. The Amended Complaint identifies Sarasota Memorial Hospital as "a public hospital facility owned and operated by the Sarasota County Public Hospital District." Doc. 7 ¶ 10.

Plaintiff claims that she served the Hospital with the summons and Amended Complaint on May 21, 2026 (Doc. 27) and that the Hospital has failed to answer or otherwise respond to the complaint (Doc. 53). Plaintiff now seeks entry of Clerk's default against the Hospital. Doc. 53.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is insufficient, the court has no power to render judgment." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Federal Rule of Civil Procedure 4(j)(2) governs the service of process on states, municipal corporations, and other state-created entities. Rule 4(j)(2) applies to the Sarasota County Public Hospital District because it was created by a special act of the Florida Legislature.[1] The Rule provides that service may be made "by delivering a copy of the summons and of the complaint to [the organization's] chief executive officer" or by "serving a copy of each in the manner prescribed by that state's law." FED. R. CIV. P. 4(j)(2)(A).

---

[1] *See* Sarasota County Public Hospital District Charter, https://www.smh.com/Portals/0/Documents/SCPHDCharter.pdf?ver=gjYS586iRJtIvb7rZDz3YA%3d%3d (accessed June 16, 2026).

Section 48.111 of the Florida Statutes governs service of process on "any municipal corporation, agency, board, or commission, or subdivision of the state or any county . . . which is a body corporate." It applies to the Sarasota County Public Hospital District because it is a "body corporate" created by the Florida Legislature.[2] Section 48.111 sets forth a hierarchy of persons who may accept service on a state organization's behalf, and directs plaintiffs to first attempt service on the organization's registered agent. Fla. Stat. § 48.111(1)(a). If the state organization does not have a registered agent, or if the registered agent cannot be served after one good faith attempt, the statute provides a hierarchy of persons who can accept service; the plaintiff must first attempt to serve the president, chair or head of the organization, then the vice president or vice chair, then any member of the governing board or an in-house attorney, then any employee at the main office of the state organization. Fla. Stat. § 48.111(1)(b).

Here, Plaintiff's return of service (Doc. 27) lacks sufficient information to enable the Court to conclude that Sarasota Memorial Hospital has been properly served. First, the return of service contains a

_____

[2] *See* Sarasota County Public Hospital District Charter, https://www.smh.com/Portals/0/Documents/SCPHDCharter.pdf?ver=gjYS5 86iRJtIvb7rZDz3YA%3d%3d (accessed June 16, 2026).

hand-written name of the person served, but the name is illegible. Furthermore, the only explanation the return of service (or motion) provides for the method of service is a checkmark next to a statement identifying the person served as: "an employee of the within named corporation at said corporation's place of business because service could not be made on the registered agent for failure to comply with Chapter 48.091, Florida Statutes after the provisions as set forth in Chapter 48.081(3), Florida Statutes have been met." Doc. 27. But section 48.081 provides a hierarchy of service when the registered agent of a *non-governmental corporation* cannot be served. As stated above, Section 48.111—not 48.081—applies to service on Florida state entities such as the Sarasota County Public Hospital District. And, the return of service does not demonstrate compliance with the hierarchy set forth in Section 48.111: while the return of service does state that an employee of the Hospital District was served, the illegibility of the name makes it impossible to know that employee's role, and the return of service also fails to state that the exhaustion requirements of Section 48.111 were met before serving "any employee" (i.e., that there was no registered agent, and then that that the head or chair, vice-chair, and members of the governing board could not be served). *See* Fla. Stat. § 48.111(1)(b). Finally,

4

the records of the Florida Department of Commerce indicate that the Sarasota County Public Hospital District does have a registered agent: R. David Evans, Esq. [3] It is not clear from the return of service that Plaintiff's process server first attempted to serve the Hospital District via its registered agent.

In sum, the return of service does not demonstrate that Plaintiff served Sarasota Memorial Hospital (or its parent entity) via its chief executive officer, as permitted by Fed. R. Civ. P. 4(j)(2)(A), nor does it demonstrate that the Hospital's registered agent, chair, or other officer was served in accordance with the procedure set out in Fla. Stat. 48.111, as permitted by Fed. R. Civ. P. 4(j)(2)(B).

---

[3] Registered agent information for each of Florida's "special district" entities can be found on the Official List of Special Districts, available on the Florida Department of Commerce's official website: https://specialdistrictreports.floridajobs.org/OfficialList/SpecialDistrictProfiles. Federal Rule of Evidence 201 permits courts to take judicial notice of "a fact that is not subject to reasonable dispute because it[ ] ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). "The court may take judicial notice at any stage of the proceeding." FED. R. EVID. 201(d).

Accordingly, Plaintiff's motion for Clerk's default against Sarasota Memorial Hospital (Doc. 53) is denied without prejudice for failure to demonstrate effective service.

ORDERED on June 18, 2026.

NATALIE HIRT ADAMS
United States Magistrate Judge